**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Edwina Brown, on her own behalf and as administratrix and sole beneficiary of the Estate of Edward O. Robinson,<br><br>Plaintiff,<br><br>v.<br><br>United States,<br><br>Defendant. | Civil No. 3:26-cv-00059-VDO<br><br>March 4, 2026 |

**RULING ON MOTION AND REPORT AND RECOMMENDATION ON INITIAL REVIEW**

Plaintiff Edwina Brown, proceeding *pro se*, and as administratix and sole beneficiary of the Estate of Edward O. Robinson, brings this action against Defendant United States. ECF No. 1.

This case was referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) to review the Complaint, and Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 10. When a plaintiff requests leave to proceed *in forma pauperis*, or "IFP," a statute directs the court to conduct two inquiries. First, the court examines the plaintiff's financial affidavit and determines whether she is truly unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing without prepaying the fee, the court reviews the complaint and dismisses the case if it determines that "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

For the reasons that follow, I **GRANT** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and I **RECOMMEND** that Plaintiff's claims against Defendant proceed to service of process.

## I. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff asks the Court's permission to proceed *in forma pauperis*, without prepaying the $405 filing fee, under 28 U.S.C. § 1915 ("Section 1915"). ECF No. 2. When a plaintiff asks to proceed *in forma pauperis*, the Court must review her financial affidavit and determine whether she is truly unable to "pay or give security for the [filing fee] and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citing 28 U.S.C. § 1915(a)).

In her motion, Plaintiff indicates that she is retired and receives $2,266.00 per month ($27,192.00 per year) in social security benefits. ECF No. 2 at 3. Plaintiff asserts that she does not own property or an automobile. *Id.* at 4. Additionally, Plaintiff states that she has $225.00 in her bank account as of January 6, 2026. *Id.* Plaintiff also notes that her monthly expenses total $1,608.00 and she is on several payment plans to pay for outstanding debts. *Id.* at 9. Additionally, Plaintiff lives in Section 8 housing. *Id.*

The Court acknowledges that Plaintiff's yearly income exceeds the federal poverty line for a one-person household and that courts are unlikely to permit plaintiffs to proceed *in forma pauperis* when their household income is significantly higher than the federal poverty line. *See Zeil v. United States Dep't of Just.*, No. 3:23-CV-00289 (VAB), 2023 WL 11897995, at *1 (D. Conn. Mar. 24, 2023). However, based on the circumstances of this case, including that Plaintiff's sole income is through social security benefits and that she lives in Section 8 housing, I conclude that Plaintiff cannot afford to pay the filing fee. Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.

## II. Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)

Pursuant to § 1915(e), courts must review *in forma pauperis* complaints and dismiss any complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" under the law when, among other things, it "has no arguable basis in law or fact" or "is based on an indisputably meritless legal theory." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (internal citation and quotation marks omitted). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Monroe v. New Neighborhoods, Inc.*, No. 3:23-CV-835 (VAB), 2024 WL 4416585, at *1 (D. Conn. Oct. 4, 2024) (internal quotation marks omitted). Furthermore, "a court must accept as true all of the allegations contained in the complaint [except] legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

These rules are interpreted liberally in the case of a plaintiff like Ms. Brown who is proceeding *pro se*—that is, without a lawyer. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. Of Elections in City of New York*, 232 F.3d 135, 139-40 (2d Cir. 2000). Courts liberally construe pleadings and briefs submitted by self-represented plaintiffs, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). However, Courts "may not fill the gaps in a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (internal quotation marks omitted).

Courts typically dismiss *pro se* complaints that do not satisfy this standard of review without prejudice, meaning that the plaintiff may file an amendment that addresses the court's

concerns and satisfies Section 1915's requirements. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, that is not always the case. The U.S. Court of Appeals for the Second Circuit directs this Court to dismiss *pro se* complaints with prejudice, or without otherwise granting leave to amend, when the "[C]ourt can rule out any possibility, however unlikely it might be," that "an amendment will result in a claim being successfully pleaded." *Id.*

## III. The Complaint

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), asserting that employees and officials of the Department of Veterans Affairs and its predecessor agency, the Veterans Administration (collectively, "VA"), engaged in tortious acts. ECF No. 1. Specifically, Plaintiff alleges that the VA has engaged in a racially discriminatory pattern of administering benefits. *Id.* at 1.

In connection with her claims, Plaintiff alleges the following pertinent facts. Plaintiff's father, Edward Robinson, served in a racially segregated unit during World War II. *Id.* at 2. While serving abroad, Mr. Robinson developed pilonidal disease and contracted syphilis. *Id.* at 4. At the time of Mr. Robinson's service, the U.S. Army treated syphilis that was contracted during service as a "line of duty" injury and he received treatment from the U.S. Army, which did not cure him of the disease. *Id.* at 4-5. On January 20, 1946, Mr. Robinson was honorably discharged from the U.S. Army. *Id.* at 5.

Plaintiff was born in 1946 with congenital syphilis. *Id.* Thereafter, Mr. Robinson filed multiple claims with the VA for service-connected disability benefits, but such claims were never processed or adjudicated, and he never received disability benefits. *Id.* at 6. After Mr. Robinson passed away in 1967, Plaintiff's mother filed a claim with the VA for service-connected death benefits, which was denied. *Id.* at 7.

Throughout 2023 and 2024, Plaintiff tried to obtain documents relating to Mr. Robinson's service, including benefit documents. *Id.* at 8. Plaintiff states that she first learned of her late father's application for service-related disability benefits on or around October 26, 2023, and that in or around May 2024, she learned about the VA's history of administering a racially discriminatory benefits system that disfavored Black veterans, including her father. *Id.* On March 11, 2025, Plaintiff filed a claim with the VA and receipt of Plaintiff's claim was acknowledged by letter dated April 10, 2025. *Id.* Plaintiff has received no additional response from the VA to date. *Id.* at 8-9.

In the present action, Plaintiff alleges that VA leaders were negligent in continuing and failing to address the racial disparities in administering benefits, and that they knew or should have known that they had a duty to remedy such issue. *Id.* at 1. Thus, Plaintiff asserts that Defendant is liable for the resulting "dignitary, emotional, and psychological harms suffered by her late father and herself." *Id.*

## IV. Discussion

### A. Plaintiff

As a preliminary matter, the Court notes that Plaintiff may bring this action as administratix and sole beneficiary of the Estate of Edward O. Robinson. *See Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) ("when the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, she is in fact appearing solely on her own behalf, because she is the only party affected by the disposition of the suit.").

### B. Exhaustion

The Court also notes that, construing the Complaint in favor of Plaintiff, it appears that she has exhausted her administrative remedies. The FTCA requires that claimants exhaust their

administrative remedies before initiating a lawsuit in district court, and such requirement is jurisdictional and cannot be waived. *Monk v. United States*, No. 3:22-CV-1503 (SRU), 2024 WL 1344712, at *2 (D. Conn. Mar. 29, 2024), *motion to certify appeal denied*, No. 3:22-CV-1503 (SRU), 2025 WL 473590 (D. Conn. Feb. 12, 2025) (citing 28 U.S.C. § 2674). To administratively exhaust, a plaintiff must first present the claim "to the appropriate Federal agency." 28 U.S.C. § 2675(a). The claim has been exhausted when the claim is either (a) denied by the agency in writing and sent by certified or registered mail, or (b) six months have passed from the filing of the complaint and the agency has failed to make a final disposition of the claim. *Id.*

Plaintiff alleges that on or around October 26, 2023, she obtained records of her father's application for service-related benefits. ECF No. 1 at 8. Plaintiff also states that in May 2024, she learned of the VA's history of administering a racially discriminatory benefits system that disfavored Black veterans such as her late father. *Id.* On March 11, 2025, Plaintiff filed a claim with the VA and the VA acknowledged receipt of her claim on April 10, 2025. *Id.* Plaintiff filed this case on January 12, 2026. *Id.* at 1. Plaintiff alleges that she has received no additional response from the VA and, therefore, it appears that Plaintiff has administratively exhausted her claim. *Id.* at 8-9.

C. Statute of Limitations

Before turning to Plaintiff's claims, I also note that the FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). However, this statute of limitations is not jurisdictional. *United States v. Wong*, 575 U.S. 402, 420 (2015). Additionally, although a claim under the FTCA ordinarily accrues at the time of injury, the continuing tort doctrine provides that "[w]hen a plaintiff experiences a continuous practice and

policy that violates his or her rights, . . . the commencement of the statute of limitations period may be delayed until the last violation." *Monk v. United States*, 2024 WL 1344712, at *12 (internal quotation marks omitted). "When a plaintiff brings a claim that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Id.* at 13 (internal quotation marks omitted).

Taking the allegations in the Complaint as true, Plaintiff actually learned of the injury at issue on or around October 26, 2023, when she received documents from the VA. ECF No. 1 at 8. Plaintiff filed her claim with the VA on March 11, 2025, which is prior to the two-year expiration date. *Id.* Moreover, Plaintiff's claims are grounded in allegations of an ongoing tortious practice of racial discrimination. Thus, although it is possible that Plaintiff was on inquiry notice prior to her actual discovery of the injury, I recommend Plaintiff's complaint be construed liberally at this preliminary stage. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses."). Accordingly, I do not recommend dismissal of Plaintiff's action on this ground.

D. Plaintiff's Claims

Next, the Court must determine whether Plaintiff's claims against Defendant United States have been properly pled. Generally, "federal courts lack subject matter jurisdiction over suits brought against the United States unless there exists a specific, express waiver of the government's sovereign immunity." *Stein v. United States Dep't of Educ.*, 450 F. Supp. 3d 273, 276 (E.D.N.Y. 2020). "A waiver of sovereign immunity must be unequivocally expressed in the statutory text. . .

. This is to ensure that Congress has specifically considered and intentionally legislated on the matter of sovereign immunity, rather than legislat[ing] on a sensitive topic inadvertently or without due deliberation." *Id.* (internal citation and quotation marks omitted).

The FTCA "effects a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Estate of George v. Veteran's Admin. Medical Center*, 821 F.Supp.2d 573, 577 (W.D.N.Y. 2011) (internal quotation marks omitted). "A plaintiff's FTCA action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred." *Monk v. United States*, 2024 WL 1344712, at *2 (internal quotation marks omitted).

In *Monk*, the Court's power to hear a claim that the VA engaged in racial discrimination was challenged. Specifically, the plaintiff brought an action under the FTCA on his own behalf and as the administrator of his father's estate, alleging that the VA rejected Black veterans' benefits applications at a higher rate because of their race. *Id.* at 1. After exhausting his administrative remedies, the plaintiff initiated his action in district court, alleging negligence, negligent infliction of emotional distress, and negligent supervision under the FTCA. *Id.* at 3. The Court determined that the plaintiff's claims could proceed so long as they did not constitute an action seeking review of the individual's denial, inaction, or delay of veterans' benefits, as such claims are not reviewable by district courts pursuant to 38 U.S.C. § 511(a).[1] *Id.* at 4-5. In other words, FTCA claims may proceed only when such claims were not actually decided in the course of a benefits proceeding, and when the claims do not require the Court to review the VA's factual or legal determinations

[1] For a claimant to challenge a particular benefits adjudication, the veteran may appeal the benefits decision to the Board of Veterans' Appeals, which may then be appealed to the Court of Veterans Appeals. *Monk v. United States*, 2024 WL 1344712, at *4. Thereafter, the decision from that court may only be appealed to the Federal Circuit and then to the United States Supreme Court. *Id.* Thus, Federal district courts are excluded from veterans' benefits adjudications. *Id.*

upon which it based its benefits decision. *Id.* at 5. The Court in *Monk* concluded that the plaintiff's claims were not barred by § 511(a) because his claims arose from a backdrop of systemic benefits obstruction for Black veterans, rather than arising from a challenge of a particular decision that granted or denied a particular application for benefits. *Id.*

Here, Plaintiff's claims do not "challenge the individual decisions of VA officials who granted or denied any particular application." *Id.* Instead, Plaintiff "seeks compensation for the negligent failure of VA leaders to redress a benefits system they knew or should have known was racially discriminatory." ECF No. 1 at 9. Plaintiff explicitly states that she "does not seek to relitigate her late father's benefits claims." *Id.* at 1. Thus, for purposes of this initial review, I conclude that Plaintiff's claims are not barred by § 511(a).

Before addressing Plaintiff's individual claims, I also note that "[t]he FTCA directs courts to apply the state substantive law and choice of law rules where the negligent acts or omissions occurred." *Monk v. United States*, 2024 WL 1344712, at *6. The alleged acts and omissions could have occurred in both Washington D.C., where the Department of Veterans Affairs is headquartered, and Connecticut, where Plaintiff resides. *See* VA Central Offices, https://www.va.gov/directory/guide/hq.asp (last visited March 3, 2026); ECF No. 1 at 2. However, it is not necessary to conduct a choice-of-laws analysis, as there is no conflict between Connecticut and Washington D.C.'s negligence, negligent infliction of emotional distress, or negligent supervision law. *See Monk v. United States*, 2024 WL 1344712, at *6. I address Plaintiff's claims of negligence, negligent infliction of emotional distress, and negligent supervision in turn.

*i. Negligence*

Plaintiff first brings a claim of negligence against Defendant. ECF No. 1 at 10-11. In Washington D.C. and Connecticut, a plaintiff alleging negligence must show: "(1) that the

defendant owed a duty to the plaintiff, (2) breach of that duty, and (3) injury to the plaintiff that was proximately caused by the breach." *Monk v. United States*, 2024 WL 1344712, at *8 (internal quotation marks omitted). With respect to duty, Plaintiff alleges that Defendant "owed a duty of care to Mr. Robinson because the risk Mr. Robinson would suffer emotional, psychological, and dignitary harm by interacting with a racially discriminatory benefits system was foreseeable," and Defendant owed a statutory duty of care to Mr. Robinson pursuant to 38 U.S.C. § 5103A. ECF No. 1 at 9. Regarding breach, Plaintiff alleges that Defendant breached its duty of care by subjecting Mr. Robinson to a racially discriminatory benefits process and "failed to redress pervasive race discrimination of which they knew or should have known." *Id.* Finally, with respect to the injury, Plaintiff alleges that "Mr. Robinson suffered injury in the form of emotional, psychological, dignitary, and reputational harm proximately caused by interacting with [the VA's] racially discriminatory benefits system." *Id.* at 10. Accordingly, because Plaintiff has pled a cognizable negligence claim, I recommend that such claim proceed to service of process.

*ii. Negligent Infliction of Emotional Distress*

Plaintiff's second cause of action is a negligent infliction of emotional distress claim. *Id.* "In Connecticut, a plaintiff alleging NIED must show '(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress.' *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003)." *Monk v. United States*, 2024 WL 1344712, at *11.

With respect to the first element, Plaintiff asserts that "Defendant's conduct of administering a racially discriminatory benefits system created an unreasonable risk of causing both Plaintiff and Mr. Robinson emotional distress. VA employees failed to adjudicate Mr.

Robinson's 1941 and 1950 claims for disability benefits, resulting in those claims' de facto denial." ECF No. 1 at 10. Regarding the second element, Plaintiff asserts that "[i]t was foreseeable that Mr. Robinson and Plaintiff would suffer emotional distress from being forced to seek benefits from a system the VA administered in a racially discriminatory manner." *Id.* Next, Plaintiff alleges that "Mr. Robinson's and Plaintiff's emotional distress was severe enough that it might result in illness or bodily harm. Plaintiff continues to relive her traumatic childhood memories of her late father's physical and psychological suffering on a daily basis." *Id.* Finally, Plaintiff contends that such harm was a result of the actions of VA officials and employees. *Id.* at 11. Thus, Plaintiff has alleged a plausible claim of NIED and, accordingly, I recommend such claim proceed to service of process.

*iii. Negligent Supervision*

Lastly, Plaintiff asserts a negligent supervision claim. "In Washington D.C., a plaintiff must show (1) the employee behaved in a dangerous or otherwise incompetent manner, (2) the employer knew or should have known its employee's dangerous or incompetent behavior and (3) the employer, armed with that actual or constructive knowledge, failed to adequately supervise[ ] the employee. . . . In Connecticut, a plaintiff must show he suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise and the defendant knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct." *Monk v. United States*, 2024 WL 1344712, at *11 (internal citation and quotation marks omitted).

Plaintiff asserts that she and Mr. Robinson suffered injuries "due to Defendant's failure to supervise or instruct VA staff on how to distribute benefits in a racially neutral manner." ECF No. 1 at 11. Next, Plaintiff states that "VA leadership failed to create a system in which benefits administration could be tested and racial bias identified." *Id.* Plaintiff also asserts that "Mr.

Robinson was forced to file his claims for benefits in a system that was administered in a racially discriminatory manner, exposing him to the risk of emotional and mental suffering, which he did, in fact, suffer." *Id.* Lastly, Plaintiff avers that "Defendant knew or reasonably should have known of VA officials' propensity to engage in racially discriminatory administration of benefits would harm Black veterans including Mr. Robinson, yet VA's leadership negligently failed to remedy these errors." *Id.* Accordingly, because Plaintiff has alleged a plausible claim of negligent supervision, I recommend such claim proceed to service of process.

## V. Conclusion

For these reasons, I **GRANT** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and **RECOMMEND** that Plaintiff's claims against Defendant proceed to service of process.

This is a recommended ruling by a U.S. Magistrate Judge, to which Plaintiff may object under Rule 72 of the Federal Rules of Civil Procedure and Rule 72 of the Local Rules of Civil Procedure for the District of Connecticut. Plaintiff must file any such objection by **March 23, 2026**. *See* Fed. R. Civ. P. 72(b)(2) (establishing that objections to recommended rulings must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for parties who, like Plaintiff, will receive notice of the recommended ruling by mail); Fed. R. Civ. P. 6(a)(1) (establishing that if a court-ordered time period ends on a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). If Plaintiff fails to file a timely objection, she may not thereafter assign as error a defect in my recommendation, *see* D. Conn. L. Civ. R. 72.2(a), or seek appellate review, *see Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*/s/ Maria E. Garcia, USMJ*

Hon. Maria E. Garcia
United States Magistrate Judge