**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EDWINA BROWN,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant.* | Case No. 3:26-cv-00059 (VDO)<br><br>June 29, 2026 |

**NOTICE OF RELATED CASE AND MOTION TO TRANSFER**
**<u>IN ACCORDANCE WITH LOCAL RULE 40(b)(1)–(2)</u>**

Plaintiff Edwina Brown respectfully moves to transfer this case within the District of Connecticut to the Honorable Stefan R. Underhill, who is handling a related and earlier filed case currently pending in this District entitled *Conley F. Monk, Jr., et al. v. United States of America*, No. 3:22-cv-01503 (SRU). Plaintiff has conferred with Defendant, and Plaintiff understands that Defendant does not consent to this motion and may intend to file an opposition.

Local Rule 40(b)(2) provides that when a party files a related civil case, "that party shall file, at the same time, a Notice of Related Case disclosing the case caption, case number, and presiding judge of all cases currently pending in this District that may be related." D. Conn. L. Civ. R. 40(b)(2). The "notice *must* be filed in all cases in which relatedness is suggested." *Id.* (emphasis supplied). When a court determines that a case is related to another pending case in the District that is assigned to a different judge, "the later-filed case should normally be transferred to the Judge having the earliest filed case that remains pending." D. Conn. L. Civ. R. 40(b)(1)(a). "Later-filed, related cases may be transferred by the presiding Judge, either *sua sponte* or upon motion of any party, with the consent of the transferee Judge." *Id.*

"The sensible purpose of this rule is to permit a judge already familiar with the facts of one case to preside over both cases with a minimum duplication of judicial effort." *McCann v. Commc'ns Design Corp.*, Civ. Nos. 2:92–34 (JAC), B–89–164 (JAC), 1992 WL 336760, at *2 (D. Conn. Oct. 1, 1992) (Cabranes, C.J.) (discussing former LR 10(b)(1), now at LR 40(b)(1)). *See also Lundstedt v. People's United Bk.*, No. 3:14–cv–01479 (JAM), 2015 WL 540988, at *3 (D. Conn. Feb. 10, 2015) (Meyer, J.) (advising parties that if "a similar lawsuit . . . concerning the same subject matter" is filed, "either party may consider whether to file a motion for transfer of such action . . . under Local Rule 40(b) on the ground that the filing is a related case and on the ground of my familiarity acquired to date with the legal issues presented in this case").[1]

*Monk* was filed on November 28, 2022. This case was filed on January 12, 2026. *Monk* is the earliest filed case and remains pending. At the time this action was commenced, Plaintiff was proceeding *pro se* and did not file a notice of related case as contemplated by Local Rule 40(b)(2). Plaintiff's omission was inadvertent and reflected Plaintiff's unfamiliarity with procedural requirements as a self-represented litigant. Now represented by counsel, Plaintiff respectfully brings the related matter to the Court's attention and requests the Court to excuse the earlier omission in light of her prior *pro se* status.[2]

---

[1] *Cf. Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) (considering inter-district transfers under 28 U.S.C. § 1404(a), and noting "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided").

[2] On April 15, 2026, Plaintiffs' counsel in *Monk* filed a Notice of Related Case in this matter and on the docket in *Monk*. *See* Dkt. No. 17. *See also* Pls.' Notice, Dkt. No. 176, *Monk v. United States*, No. 3:22-cv-01503-SRU (Apr. 16, 2026). In response, Defendant filed a notice in opposition in *Monk*, stating that "it disagrees that *Monk* and *Brown* are related in the manner asserted by the *Monk* Plaintiffs and further disagrees that the *Monk* Plaintiffs are entitled to the outcomes they seek to impose on Ms. Brown." Def.'s Notice at 2, Dkt. No. 180, *Monk v. United States*, No. 3:22-cv-01503-SRU (May 5, 2026). Nevertheless, for the reasons set forth herein, Ms. Brown herself

This action and *Monk* are related. The claims asserted in this action arise from materially similar factual allegations underlying the claims in *Monk*, including harms suffered as a result of racial discrimination in veterans' benefits administration. Additionally, as administratrix and sole beneficiary of the Estate of Edward O. Robinson, Plaintiff is a member of the proposed class in *Monk*. *Compare* Am. Compl. ¶ 195, *Monk v. United States*, No. 3:22-cv-01503-SRU (D. Conn. June 5, 2023) (defining the proposed class as "[a]ll Black applicants for veterans' benefits administered by the Department of Veterans Affairs or its predecessor at any time since January 1, 1945 and who have or will in the future have satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675") *with* Compl. ¶¶ 4–5, 28–29, 45 (alleging that Mr. Robinson was a Black applicant for veterans benefits with the Department of Veterans Affairs or its predecessor agency in 1947 and 1950 and that Plaintiff satisfied the exhaustion requirement imposed by 28 U.S.C. § 2675). Moreover, the two cases present overlapping questions of law under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, with respect to Plaintiff's claims for negligence, negligent infliction of emotional distress, and negligent supervision in this context. Indeed, this Court has already looked to *Monk* when resolving issues in this case, underscoring the substantial overlap between the two matters. *See* Dkt. No. 11 (relying on *Monk* in granting Plaintiff's motion to proceed *in forma pauperis*).

Transfer is particularly appropriate here because Judge Underhill has already addressed threshold legal and case-management issues arising from materially similar claims in *Monk*. Allowing this case to proceed on a separate track would risk duplicative adjudication of overlapping issues and inconsistent rulings. Thus, transfer of this matter to allow a single judge to

---

now seeks transfer of this case to the judge presiding over the earlier-filed action. *See also infra* n.3.

manage both cases would promote judicial economy and eliminate the risk of unnecessary repetition or confusion in the cases. Transfer at this stage would not prejudice any party and would instead permit coordinated and efficient case management going forward.[3]

Accordingly, consistent with Local Rule 40(b)(1)(a), and in line with the Notice of Related Case filed in this case by Plaintiffs' counsel in *Monk*, *see* Dkt. No. 17, Plaintiff respectfully requests that this case be transferred to Judge Underhill as the judge presiding over the earliest filed pending case.

Respectfully submitted,

*/s/James I. Glasser*

James I. Glasser (ct07221)
Armando Ghinaglia (ct31859)
Wiggin and Dana LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
Fax: (203) 782-2889
jglasser@wiggin.com
aghinaglia@wiggin.com

*Counsel for Plaintiff*

[3] Before filing this motion, undersigned counsel met with Plaintiff in person to discuss seeking to transfer this later-filed action in accordance with Local Rule 40(b)(1)(a). During that meeting, Plaintiff indicated that she understood the operation of the rule and the potential consequences of transfer, including procedural advantages and disadvantages, and authorized counsel to proceed with this motion.