**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203) 821-3700*
*Fax (203) 773-5376*
*www.justice.gov/usao-ct*

August 10, 2026

The Honorable Judge Vernon D. Oliver
United States District Judge
United States Courthouse
450 Main Street Hartford, CT 06103

Re: *Brown v. United States*, No. 26-cv-59-VDO

Dear Judge Oliver:

The defendant, the United States of America, hereby requests a pre-filing conference to propose a motion to dismiss that is, in part, a fact-based or "speaking" motion. Plaintiff has filed a three-count complaint against the United States in her personal capacity and as the administratrix of her father's estate. For the reasons set forth below, Defendant believes that the complaint should be dismissed:

- The available records do not demonstrate that Plaintiff's father, Edward O. Robinson, filed any claim for benefits with the VA during his lifetime. Although VA does have records respecting Robinson, they do not include any request by him for VA benefits. Defendant argues that Plaintiff therefore lacks standing to bring a tort claim against VA, in either of her capacities.

- Plaintiff's complaint alleges that VA failed to adjudicate her father's claims. Even assuming a claim was filed, the Veterans Judicial Review Act (VJRA) divests this Court of jurisdiction to hear a challenge to VA's alleged failure to adjudicate it. VA's alleged grant and denial rates across racial metrics are irrelevant to a claim that was not adjudicated.

- Plaintiff's claims in her personal capacity should be dismissed because Plaintiff is not a foreseeable victim to whom VA owes any duty of care. Plaintiff is a non-veteran whose father served in the military. Even if Robinson had submitted a claim to VA for benefits, harms suffered by his daughter in connection with contacts between VA and Robinson are not recoverable by Plaintiff under Connecticut tort law.

- Defendant also requests to raise issues respecting the timeliness of Plaintiff's claims on behalf of Robinson's estate, given the specific facts presented.

- Although not dispositive of the entire complaint, Defendant also requests to raise an issue respecting Plaintiff's claim of reputational harm. Specifically, Plaintiff cannot (in either capacity) recover damages based on reputational harm resulting from VA's nonadjudication of a benefits claim, particularly where Robinson received an honorable discharge from the U.S. Army. Additionally, claims that sound in libel are precluded by the FTCA, § 2680(h). *See Dudley v. Soc. Sec. Admin.*, No. 3:23-cv-705, 2024 WL 3845758, at *6-7 (D. Conn. Aug. 16, 2024).

Although the Court's rules do not require a preliminary copy of the facts upon which a speaking motion to dismiss will rely (unlike with respect to a Rule 56 motion), Defendant discloses that it anticipates its declarant will attest to the following:

- VA's available records contain no record of any disability compensation claim filed by Robinson.
- VA's available records contain no record of any disability compensation claim filed by Brown.

In light of Plaintiff's deadline of August 15, 2026, to file her letter response, Defendant proposes the following scheduling order for the motion to dismiss:

- Defendant to file their motion to dismiss by August 27, 2026.
- Plaintiff to file an opposition by September 17, 2026.
- Defendant to file a reply by October 1, 2026.

Very truly yours,

DAVID X. SULLIVAN
U.S. ATTORNEY

*/s/ Natalie N. Elicker*
Natalie N. Elicker
ASSISTANT U.S. ATTORNEY