**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EDWINA BROWN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Civil Action No. 3:26-cv-00059-SRU<br><br>August 24, 2026 |

**RULE 26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: January 12, 2026.

Date Complaint Served: May 21, 2026.

Date of Defendant's Appearance: July 11, 2026.

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was conducted on August 21, 2026. The participants were:

Armando Ghinaglia and Syeda Haider for Plaintiff Edwina Brown ("Plaintiff")

Natalie Elicker and Emily Kelley for the United States of America ("Defendant").

## I. Certification

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A. Subject Matter Jurisdiction

This is a civil action for damages arising under the Federal Tort Claims Act (FTCA), codified at 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

Defendant contests subject matter jurisdiction in this case, on the basis of any and/or all of the following: the FTCA; the Veterans Judicial Review Act (VJRA); and Article III standing.

B. Personal Jurisdiction

The parties do not contest personal jurisdiction in this case.

## III. Brief Description of the Case

Joint Statement of Claims and Defenses

Plaintiff is the daughter of Edward O. Robinson, a Black servicemember who served in a racially segregated unit during World War II. Plaintiff alleges that employees and officials of the Department of Veterans Affairs and its predecessor agency, the Veterans Administration (collectively, the "VA") has engaged in a racially discriminatory pattern of administering benefits, were negligent in continuing and failing to address the racial disparities in administering benefits, and that they knew or should have known that they had a duty to remedy such issues. Plaintiff asserts that the Defendant is therefore liable for dignitary, emotional, and psychological harms for which she is owed damages.

Defendant disputes that Plaintiff's father filed claims for benefits with the VA during his lifetime. Defendant also disputes that claims for benefits with the VA on behalf of Robinson's estate were filed after his death. Defendant further asserts that the Veterans Judicial Review Act divests the Court of jurisdiction to hear a challenge to VA's alleged failure to adjudicate any claim,

and that Plaintiff is not a foreseeable victim to whom VA owes any duty of care. Defendant additionally asserts that Plaintiff's claims are untimely.

Finally, Defendant incorporates its arguments contesting subject matter jurisdiction as put forward in the matter *Monk v. United States*, No. 3:22-cv-1604-SRU, currently pending before this Court. The Defendant sought and was denied permission to file an interlocutory appeal of the Court's initial rulings respecting subject matter jurisdiction.

## IV. <u>Statement of Undisputed Facts</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

Plaintiff's father was a Black servicemember who served in a racially segregated unit during World War II.

## V. <u>Case Management Plan</u>

Initial Disclosures

Plaintiff proposes that Initial Disclosures will be served by September 4, 2026.

Defendant objects to making Initial Disclosures, as they are not appropriate in this action. *See* Fed. R. Civ. P. 26(a)(1)(C). Initial disclosures are not appropriate where the Court lacks subject matter jurisdiction.

C. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

D. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to

settle the case before undertaking significant discovery or motion practice. Plaintiff believes that early discussions concerning potential resolution of her claims may be productive. Plaintiff is willing to begin such discussions with the assistance of a magistrate judge.

Defendant does not agree to a settlement conference.

2. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

a. All motions relating to joinder of parties or amendment of the pleadings shall be filed on or before September 17, 2026. Motions filed after this date will require, in addition to any other requirements under applicable rules, a showing of good cause for the delay.

b. Defendant intends to file a motion to dismiss for the reasons set out above, including a factual challenge to Plaintiff's standing. The parties have conferred regarding a schedule and propose the following schedule for this briefing:

September 11, 2026 – Defendant files its motion to dismiss

December 11, 2026 – Plaintiff files her opposition

February 11, 2027 – Defendant files its reply brief

The schedule is requested to accommodate discovery related to standing, as set forth below.

F. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R.

Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Parties joint position regarding conducting discovery in phases**

The Parties have agreed that discovery in this matter should be conducted in phases. The first phase will address Plaintiff's standing to bring suit. The first phase of discovery will commence after (1) the Court enters an order approving this Rule 26(f) Conference report and (2) the parties' agreeing to and the Court entering an appropriate protective order, described below. This phase of discovery will be completed on or before the deadline for Defendant's reply brief in support of its forthcoming motion to dismiss, currently proposed for February 11, 2027 (as stated above).

The second phase of discovery will address all other issues. The parties' respecting positions are set forth below:

**Plaintiff's Position**

Plaintiff anticipates that discovery will be required on all matters related to the cause of action. Plaintiff intends to seek discovery on, but not limited to, the following:

a. All documents in VA's possession concerning Plaintiff's father, Edward O. Robinson.

b. Evidence of racial disparities in VA disability benefits programs from 1945 to the present;

c. VA data collection and retention practices in disability compensation benefits programs relating to the race of the applicant, from 1945 to the present;

d. Formal and informal and informal complaints or other communications received by VA from any source, including veterans, veterans organizations, civil rights groups, elected officials and their staff, or otherwise, regarding racial disparities in VA benefits, from

1945 to the present.

e. VA personnel involved in maintaining and analyzing data regarding veterans' disability compensation applications;

f. Knowledge by VA leaders of racial disparities in VA disability compensation benefits programs, from 1945 to the present;

g. Knowledge by VA of the harms of racial disparities in VA benefits;

h. VA leadership's knowledge of racial disparities in the military-discharge and military justice system, and the implications of any such disparities for VA benefits eligibility and adjudication, from 1945 to the present;

i. Training, supervision, quality control, auditing, and any other aspect of VA administration of disability compensations benefits programs to address racial disparities in those programs, from 1945 to the present;

j. Other efforts, if any, by VA leaders to address racial disparities in VA disability compensations benefits programs since 1945; and

k. Any investigations conducted pursuant to whistleblower complaints regarding racial disparities in VA disability compensations benefits programs since 1945.

Plaintiff proposes the following discovery schedule:

a. Discovery shall be completed by August 20, 2027.

b. Discovery will not be conducted in phases.

c. Plaintiff anticipates that she will request up to 10 depositions. The depositions will be completed by the discovery deadline.

d. Plaintiff does not expect to serve more than twenty-five interrogatories at this time.

e. Plaintiff intends to call expert witnesses at trial.

f. The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by May 22, 2027. Depositions of any such experts will be completed by June 19, 2027.

g. A damages analysis will be provided by any Party who has a claim or counterclaim for damages within fourteen days after the parties confer pursuant to Fed. R. Civ. P. 26.

Plaintiff reserves the right to object to areas of discovery that Defendant states it intends to pursue below.

**Defendant's Position**

If the Court denies Defendant's challenges to Plaintiff's standing and its subject matter jurisdiction, and permits this case to proceed, Defendant proposes that this case be consolidated with the *Monk* matter and that counsel for Plaintiff and counsel for *Monk* be ordered to confer regarding the same. The discovery outlined by Plaintiff above is materially coterminous with the discovery sought in *Monk*. Discovery in that matter is subject to an existing scheduling order. Judicial economy would be conserved if the cases were consolidated for purposes of discovery, and the interests of justice require that the Defendant be permitted to defend the cases efficiently. Defendant proposes that this matter be raised, if necessary, after the Court's order on the Defendant's forthcoming motion.

**Discovery Procedures**

Undersigned counsel (after consultation with their respective clients concerning computer based and other electronic information management systems, including historical, archival, backup and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically-stored information, including, but

not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically-stored information, and the allocation of costs of assembling and producing such information. The parties have been conferring on a proposed Protective Order Regarding Confidential Information and Protocol for the Production of Electronically Stored Information, which will be filed separately from this report.

Undersigned counsel have also discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties intend to file a proposed ESI order to govern the production of ESI discovery.

G. Other Scheduling Issues

H. Please note the proposed briefing schedule set forth above regarding the Defendant's forthcoming motion to dismiss. Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or

before forty-five days after the close of discovery, with responses due thirty days later; and replies due twenty-one days after responses.

I. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty days after the entry on the ruling of the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty days after the completion of all discovery.

## VI. Trial Readiness

The case will be ready for trial sixty days from the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Dated: August 24, 2026

Respectfully submitted,

*/s/ James I. Glasser*

James I. Glasser
Armando Ghinaglia
WIGGIN AND DANA LLP
One Century Tower
New Haven, Connecticut 06508-1832
Tel: (203) 498-4313
(203) 498-4389
jglasser@wiggin.us
aghinaglia@wiggin.com

*Attorneys for Plaintiff Edwina Brown*

Dated: August 24, 2026

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

*/s/ Natalie N. Elicker*

NATALIE N. ELICKER (ct28458)
ASSISTANT U.S. ATTORNEY

157 Church Street, 25th Floor
New Haven, CT 06510
T: (203) 821-3700
Natalie.Elicker@usdoj.gov

*Attorneys for the United States of America*